Smith, C. J.,
committed some views to writing, from which the following is an extract: —
The defence is, first, that the receipt became void on the *177 bodies of the owners of the goods attached being taken in execution ; that this is a satisfaction of the debt due Bragg.
But this is not so : Bragg cannot take the bodies and estate of his debtors at the same time in execution; but Bragg may take the bodies, and Winch the estate. Winch became, on the attachment, answerable to Bragg for the goods attached; and this right of Bragg to look to Winch still exists, till actual valuable satisfaction made by John Emerson et ah., his debtors ; i. e., till payment of the debt. By taking the bodies, Bragg did not discharge the estate; he had no election ; he could not get the estate. If defendants had, on demand by Winch, produced the property, and Bragg had chosen to levy on the bodies, defendants would have been discharged. Nothing discharges defendants from their engagements except the production of the property on demand, or satisfaction of the judgment to respond which the attachment was made, i. e. payment. Perhaps, indeed, if no demand had been made, and no refusal on the part of defendants, and Bragg had chosen to take John Emerson et als., his debtors, in execution, it might have been considered as satisfaction; he might be considered as having made his election. But in this case he had no choice. He might say, “ I cannot get the estate; I will take the bodies, and pursue my remedy against Winch, who ought to have had the goods here on which I might have levied.” The body is not satisfaction like payment. If the persons now in execution were all to die, the debt would still live, it would survive them. The rule of law on which defendants rely extends no farther than this, that, on the same judgment, the body and property of the same person shall not be taken in execution.
In Lord v. Hobbes, Rockingham, September Term, 1804 [reported ante], which was debt on bond against defendant, and another who died since commencement of this suit, to abide the award of referees on submission of an action pending in court, there had been judgment (in the suit referred) on the report, and Hobbes had been committed in execution. It was held that this commitment did not discharge the bond ; though, if the judgment on the award had been paid, it would have been a good discharge.
*178 The holder of a bill may sue the acceptor, drawer, and indorsers, at the same time; have execution against them all; may take the bodies of each in execution ; he may have ca. sa. against all but one, and fieri facias against that one ; nothing but actual payment will be a discharge. Chitty, 182, 183; Kyd, 116, 117.[1]

 This opinion is directly sustained by Twining v. Foot, 1850, 7 Cush. 512. See also note to Lord v. Hobbes, ante.